IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAURICE ANTHONY GORE          *

                                                                      *

v.          *          Civil Action No. CCB-13-3300

TIMOTHY S. STEWART          *

                                                                       *
                                                                     ***

**<u>MEMORANDUM</u>**

The above captioned petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, concerns petitioner's claim that he is not being provided with credit for time he spent in state custody. (Pet., ECF No. 1.) Respondent has filed a motion to dismiss or for summary judgment. (Def.'s Mot., ECF No. 11.) Petitioner opposes the motion.[1] (Petioner's Opp'n, ECF Nos. 13, 15.) The court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

**Background**

Petitioner, an inmate confined to FCI Cumberland in Cumberland, Maryland, alleges he is not receiving the benefit of 13 months he spent in jail prior to his conviction in the United States District Court for the Eastern District of Virginia. (Pet. at 5-6.) Petitioner states he was sentenced to serve 210 months on August 26, 2003, after he was convicted of conspiracy pursuant to 21 U.S.C. § 846. (*Id.* at 14-15.) He states that this is contrary to the sentencing judge's order making his federal sentence concurrent to the "related charges" for which he was incarcerated in a state correctional facility. (*Id.* at 5-6.)

---

[1] Respondent filed a reply to petitioner's opposition response. (Def.'s Reply, ECF No. 14.)

Respondent asserts that petitioner is not entitled to receive credit for November 2002 through August 2003 because it is prohibited by 18 U.S.C. § 3585(b). Respondent further asserts that petitioner was in state custody prior to his sentencing on the following dates: May 11, 2001, through June 15, 2001; August 29, 2001, through August 30, 2001; the day of June 24, 2002; and August 2, 2002, through November 3, 2002. (Def.'s Mot. Ex. A1, ECF No. 11-3, at 1.) On November 4, 2002, petitioner was sentenced to serve five years imprisonment, with one year suspended by the Circuit Court for Portsmouth, Virginia. (*Id*. at 2.) On February 14, 2003, petitioner was temporarily removed from state custody to federal custody by the United States Marshals Service (USMS) on a federal writ of habeas corpus ad prosequendum. (Def.'s Mot. Ex. A, ECF No. 11-2, ¶ 4.) On August 26, 2003, petitioner's federal sentence of 210 months for conspiracy to possess with intent to distribute and distributing heroin and cocaine base was imposed and ordered to run concurrent with the existing Virginia state sentence. (Def.'s Mot. Ex. A3, ECF No. 11-5.)

On January 16, 2004, petitioner was returned to Virginia state custody to complete serving his state sentence. (Def.'s Mot. Ex. A2, ECF No. 11-4.) On March 16, 2004, petitioner was again sentenced in the Circuit Court for Portsmouth, Virginia to two consecutive terms of five years for possession of heroin and two years for obstructing justice, making his total state sentence 11 years. (Def.'s Mot. Ex. A1.) On September 24, 2012, petitioner completed his Virginia state sentence and was taken into federal custody to serve the remainder of his federal sentence. (Def.'s Mot. Ex. A4, ECF No. 11-6.)

Upon receiving the petitioner into custody, the Federal Bureau of Prisons (BOP) prepared a sentence computation based on his 210-month term of imprisonment which commenced on August 26, 2003, the day it was imposed. The BOP categorized the time petitioner served after

his arrest in either state or federal custody into three categories: (1) post-offense, but pre-sentence up to the date his first sentence began to run – in his case, the Virginia sentence on November 3, 2002; (2) post-Virginia sentence, but pre-federal sentence on August 26, 2003; and (3) post-federal sentence. (*See* Def.'s Mot. Exs. A5, A6, A7, ECF Nos. 11-7, 11-8, 11-9.) Respondent does not dispute that petitioner is entitled to credit for categories one and three. Respondent states petitioner has received 133 days of credit for time spent in non-federal custody from May 11, 2001, through June 15, 2001; August 29, 2001, through August 30, 2001; June 24, 2002; and August 2, 2002, through November 3, 2002.[2] (Def.'s Mot. Ex. A5.) Respondent disputes that petitioner is entitled to credit for time spent in the custody of Virginia after his state sentence was imposed on November 4, 2002, but before his federal sentence was imposed on August 26, 2003, or category two.

## Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

---

[2] The time credited to petitioner's sentence is "*Willis* Credit" and is awarded pursuant to BOP Program Statement 5880.28, *Sentence Computation Manual*, when "the federal and non-federal terms are concurrent and the Raw EFT [effective full term] of the non-federal term is equal to or less than the Raw EFT of the federal sentence." (Def.'s Mot. Ex. A6.) In such a situation, "[p]rior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or non-federal." (*Id.*); *see also Willis v. United States*, 449 F.2d 923 (5th Cir. 1971).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). The court also must abide, however, by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)) (internal quotation marks omitted) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." If there is no clear intent by the sentencing judge to make a term of confinement concurrent with another sentence imposed at a different time, the sentence is consecutive. *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). Additionally, under 18 U.S.C. § 3585(b) a defendant is not entitled to credit toward the service of a term of imprisonment if the period of time in question has been credited against another sentence. *See McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) (finding that the intent of 18 U.S.C. § 3585(b) is "to prevent double credit for detention incurred before a sentence actually begins").

The undisputed facts in this case are that the federal sentencing judge ordered petitioner's federal term to run concurrently with his state sentences and that petitioner has received credit toward his federal term for time he served between May 11, 2001 through November 3, 2002. Petitioner asserts he is entitled to additional credit for the period between November 4, 2002, the date his first state sentence was imposed, through August 26, 2003, the date his federal sentence was imposed. He bases this claim on the fact that federal judges have the discretion to make federal terms of confinement concurrent and in his case the judge made the federal term concurrent to specific sentences imposed by the state of Virginia. (Petitioner's Opp'n, ECF Nos. 13, 15.) Petitioner takes the position that judicial discretion governs the issue despite the existence of statutes or regulations stating otherwise. (ECF No. 13 at 1-2.) He relies upon two Supreme Court cases for that position: *Setser v. United States*, 132 S.Ct. 1463, 1468 (2012) and *Oregon v. Ice*, 555 U.S. 160, 168-69 (2009).[3] (*Id.*) Respondent disputes the applicability of those two decisions to petitioner's case as *Setser* involves a situation where the federal sentence was imposed before the state sentence, which did not occur in petitioner's federal sentencing, and *Oregon* involves a Sixth Amendment issue about whether a judge or jury performs certain fact-finding related to sentencing. (Def.'s Mot. at 6-7.)

*Setser* concerned a federal court's imposition of a federal sentence made consecutive to a state term of confinement not yet imposed. *See Setser*, 132 S.Ct. at 1466-67. Petitioner's Virginia state sentence had already been imposed by the state court at the time the federal court sentenced him and made the federal sentence concurrent with the existing state term of confinement. There is nothing to indicate that petitioner's federal sentence was a retroactive concurrent sentence. Petitioner's apparent position that because the federal sentencing court

---

[3] Petitioner appears to rely on this case for its general proposition that a judge has discretion to make a federal sentence concurrent.

mentioned the docket numbers from the Virginia state cases means there was an intention to make the federal sentence retroactively concurrent is untenable.

Additionally, there is no evidence to suggest that the BOP is divested of its authority or duty to insure that prisoners committed to its custody do not receive "double credit."  The directive to the BOP in 18 U.S.C. § 3585(b) prohibits crediting petitioner for time spent in detention prior to the date his sentence commenced if the time has been credited against another sentence.  Petitioner received credit against his Virginia sentence for the time between November 4, 2002, the date his state sentence was imposed, through August 26, 2003, the date his federal sentence was imposed, and is not entitled to receive credit for that time against his federal sentence.  Respondent's motion to dismiss or for summary judgment shall be construed as a motion for summary judgment and shall be granted by separate order which follows.  Additionally, this court declines to issue a certificate of appealability.[4]


May 15, 2014                                  /s/
Date                                   Catherine C. Blake
                                       United States District Judge

---

[4] A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Petitioner has not satisfied this standard.